# IN THE SUPREME COURT OF IOWA

No. 08–0830

Filed July 2, 2010

**IN RE DETENTION OF VALJEAN LEHMAN,**

**VALJEAN LEHMAN,**

　　Appellant,

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Page County, Greg W. Steensland, Judge.

On appeal from his commitment as a sexually violent predator, the respondent seeks further review of the court of appeal's decision affirming the district court decision denying his motion to dismiss based on the State's failure to prosecute the civil commitment action within the ninety-day time period provided by Iowa Code section 229A.7(3) (2005). **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED FOR DISMISSAL.**

Mark C. Smith, State Appellate Defender, and Steven Addington, Michael Adams, and Greta Truman, Assistant Public Defenders, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Becky Goettsch, and Denise Timmins, Assistant Attorneys General, for appellee.

**PER CURIAM**.

On appeal from his commitment as a sexually violent predator (SVP), the respondent, Valjean Lehman, seeks further review of the court of appeal's decision affirming the district court's denial of his motion to dismiss based on the State's failure to prosecute the civil commitment action within the ninety-day time period provided by Iowa Code section 229A.7(3) (2005).

On September 16, 2005, the State filed a petition alleging Lehman was an SVP pursuant to Iowa Code chapter 229A. After a probable cause hearing, the district court entered an order on September 22, 2005, finding probable cause existed to believe Lehman was an SVP.

In accordance with Iowa Code section 229A.7(4), the State demanded a jury trial. Lehman filed a motion to strike the State's jury demand, which the district court granted on December 9, 2005. The State then filed an application for discretionary review. We granted the State's motion for review and stay of the proceedings on December 12, 2005. We reversed the district court ruling on February 1, 2008. Procedendo issued twenty-eight days later on February 29, 2008.

On March 19, 2008, Lehman filed a motion to dismiss the State's petition claiming that under Iowa Code section 229A.7(3), he had a right to a speedy trial within ninety days of the completion of the probable cause hearing. Lehman's probable cause hearing was held on September 22, 2005. Lehman claims that even with the proceedings stayed from December 9, 2005 until February 29, 2008, he had a right to be brought to trial no later than March 8, 2008.[1] The State filed a resistance to

---

[1]The ninety days were originally scheduled to run on December 22, 2005; however, the court entered a temporary stay of proceedings on December 12, 2005, with ten days remaining on the ninety-day requirement. The State does not dispute that the

Lehman's motion to dismiss and a motion to continue the trial for good cause. The district court denied Lehman's motion to dismiss and his subsequent motion to reconsider its ruling on the motion to dismiss.

A jury trial was held, and the jury found Lehman was an SVP. Accordingly, the court ordered that Lehman be committed to the custody of the director of the department of human services for control, care, and treatment until his mental abnormality has changed and he is safe to be discharged.

Lehman appealed the district court ruling denying his motion to dismiss. His appeal was routed to the court of appeals. The court of appeals affirmed the district court ruling. Lehman then filed an application for further review with this court, which we accepted.

Today we filed *In re Detention of Fowler*, ___N.W.2d ___ (Iowa 2010). In this appeal, the parties raise issues identical to those raised in *Fowler*. For the reasons set forth in our opinion in *Fowler,* we hold that because the State failed to bring Lehman to trial within ninety days, and did not request a continuance prior to the expiration of the ninety days, nor provide a showing of good cause, the case must be dismissed and the defendant released. Therefore, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand this case to the district court to be dismissed and Lehman released from custody.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED FOR DISMISSAL.**

This opinion shall not be published.

---

ninety-day limit to bring Lehman to trial was March 10, 2008, ten days after procedendo issued.